United States District Court
Southern District of Texas
**ENTERED**
June 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND IDEMUDIA AIGBEKAEN, FED. ID. #94655-379, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-4148 |
| ROD ROSENSTEIN, et. al., | § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Raymond Idemudia Aigbekaen (#94655-379), a federal inmate at the Federal Correctional Institution in Fort Dix, New Jersey, filed this civil rights action under <u>Bivens v. Six Unknown Named Agents</u>, 91 S. Ct. 1999 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., against Rod Rosenstein ("Rosenstein"), then-United States Attorney for the District of Maryland; Agent Kelly Baird ("Baird"), an employee of the Office of the United States Attorney for the District of Maryland; Agent Richard A. Gibson ("Gibson"), an employee at the Homeland Security Investigation ("HSI") Office in Houston, Texas; and Agent Mizzell ("Mizzell," and collectively, "Defendants"), an employee at the

1

Department of Homeland Security. *See* Docket Entry No. 1 at 2-3.[1] He alleges that these federal agents conducted or orchestrated searches and seizures that violated his constitutional rights and were based on misrepresentations. *See* Docket Entry No. 1.[2]

Because Plaintiff is an inmate and proceeds *in forma pauperis*, the Court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that the claims against the Defendants must be dismissed, but that Plaintiff will be permitted to amend his complaint, within thirty days of this Order, to name the United

---

[1] Plaintiff does not name the United States of America as a Defendant in his Complaint. *See* id.

[2] Plaintiff has also filed a "Motion for Return of Property under Rule 41(g)" seeking the return of his property that was allegedly seized in connection with his arrest in Houston in August 2015. *See* Docket Entry No. 7. Because Plaintiff's criminal case has concluded, the motion is construed as a civil complaint under the Court's equity jurisdiction under 28 U.S.C. § 1331. *See* Bailey v. United States, 508 F.3d 736, 738 (5th Cir. 2007) (citing Taylor v. United States, 483 F.3d 385, 387 (5th Cir. 2007)). To the extent that Plaintiff intended to file a claim against the United States of America for equitable relief under 28 U.S.C. § 1331, his motion will be denied without prejudice to him filing an Amended Complaint, within thirty days of the date of this Order, asserting this claim and naming the United States as the proper defendant.

States as the proper defendant for his claim for return of property under 28 U.S.C. § 1331.

## I. Background

Plaintiff alleges that on May 19, 2015, he was pulled off the jetway at John F. Kennedy International Airport by Customs and Border Patrol ("CBP") officials who were instructed to seize his electronic media, even though Plaintiff claims that there was no apparent violation of customs law. Docket Entry No. 1 at 3. Plaintiff alleges that his electronic devices were mailed to Agent Baird, who gave them to Agent Mizzell to do a complete forensic search and retain the contents for evidence to be used in a criminal proceeding. Id. Plaintiff claims that this was an unconstitutional search and that the agents installed tracking software on his computer without his knowledge in order to build the case against him. Id.

Plaintiff further alleges that on August 27, 2015, Special Agent Gibson asked Plaintiff to bring his laptop computer to the HSI office in Houston, under the false pretense that the HSI office was going to fix the damage that was done to the laptop in the search. Id. at 3, 5. Plaintiff claims that when he walked into the HSI office in Houston, he expected the agents to fix his device and was unaware of the plans to arrest him. Plaintiff alleges

3

that they arrested him without reading him his Miranda rights. Plaintiff alleges that the government committed fraud and misrepresentation in these series of events, which amounted to a breach of their fiduciary duty to protect the Constitution, along with violating a constructive trust and a duty of fair dealing. Plaintiff alleges that the charges against him were falsely and maliciously instigated because the agents knew that the constitutional violations regarding the search would trigger the exclusionary rule, so they orchestrated a plan to get the evidence in via the independent source doctrine. Plaintiff alleges that the seizure in Houston was a Fourth Amendment violation because he was compelled to bring his "papers and things" to the government so that they could use the items in a criminal prosecution.

Plaintiff also claims that after he was arrested, the agents took the keys to his 2005 Toyota Camry, which was parked outside the HSI office in Houston, ransacked it, and seized three iPhones and 1 Samsung which have not been returned to him. He contends that the agents had no right to search his vehicle. Plaintiff further alleges that the agents did not preserve evidence that they intended to use for trial and that he was prejudiced by the alterations and modifications made on his computer.

In a related civil suit that Plaintiff filed in the District of Maryland to challenge a similar set of searches and seizures, the court summarized Plaintiff's criminal case as follows:

> On August 25, 2015, Plaintiff was criminally indicted in this Court for conspiracy to commit sex trafficking (Count I), conspiracy related to interstate prostitution (Count II), sex trafficking (Count III), interstate transportation for prostitution (Count IV), enticement to travel interstate for purposes of prostitution (Count V), and use of interstate facilities to promote enterprise involving prostitution offenses (Count VI). United States v. Aigbekaen, Crim. No. JKB-15-462, ECF No. 1. On September 29, 2016, Plaintiff was found guilty by a jury of all counts. See id. at ECF No. 189; see also Jury Verdict Form, ECF No. 5-2.

Aigbekaen v. Harford Cty. Sheriff's Dep't, No. CV JKB-19-1864, 2020 WL 2556380, at *1 (D. Md. May 19, 2020). On direct appeal, the Fourth Circuit affirmed Plaintiff's convictions, finding that the challenged searches violated the Fourth Amendment but that the good faith exception to the exclusionary rule barred suppression of the evidence. United States v. Aigbekaen, 943 F.3d 713, 717 (4th Cir. 2019). In the instant Complaint, Plaintiff sues the individual federal agents or officials he alleges participated in the search and seizure of his property in Houston.

## II. **Discussion**

Plaintiff sues Rosenstein, Baird, Gibson, and Mizzell under Bivens and the FTCA for alleged wrongs in connection with the Defendants' seizure of evidence and the investigation leading up to his trial and conviction. Docket Entry No. 1 at 2-3. The Court considers each cause of action in turn.

### A. **FTCA**

To the extent that Plaintiff sues Rosenstein, Baird, Gibson, and Mizzell under the FTCA, these claims must be DISMISSED without prejudice because the United States is the only proper defendant under the FTCA. *See* McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998) (citing Atorie Air, Inc. v. Federal Aviation Admin., 942 F.2d 954, 957 (1991)) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."). Furthermore, any FTCA claim must first be brought to the relevant federal agency for consideration before filing suit in federal court. *See* 28 U.S.C. § 2675. Plaintiff does not allege, much less show, that he has complied with the statutory prerequisite to filing his FTCA claims in this Court. For these reasons, the FTCA claims will be dismissed without prejudice.

B. **Bivens**

Plaintiff's Bivens claims are governed by the two-year statute of limitations provided by Texas law. *See* Spotts v. United States, 613 F.3d 559, 573-74 (5th Cir. 2010); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Federal law determines when a cause of action accrues in federal court. *See* Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007). "A cause of action accrues, under federal law, when the plaintiff knows or has reason to know of the injury which is the basis of the action." Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Such knowledge encompasses both "(1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." Id. Actual knowledge is not necessary, though, for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff had two years from the time that his Bivens claims accrued to file his claims against the Defendants concerning the challenged search and seizure in Houston, Texas. *See* Gonzalez v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which

is the basis of the action). Plaintiff's Bivens claims, if any, arose on August 27, 2015, when agents conducted the search and seized his property; Plaintiff was apprised of the harm at that time. *See* Bates v. Price, 368 F. App'x 594, 595 (5th Cir. 2010) (holding that the cause of action accrued on the day of arrest when the plaintiff knew of the alleged injury); *accord* Aigbekaen v. Harford County Sheriff's Office, No. CV JKB-19-1864, 2020 WL 2556380 (D. Md. May 19, 2020) (holding that Aigbekaen's civil rights claims against Harford County officials for an allegedly illegal search of his apartment was barred by the three-year limitations period in Maryland and accrued on the date of the search and seizure). The complaint in this case is dated and signed on October 1, 2019, which is well outside the two-year limitations period under Bivens. *See* Docket Entry No. 1 at 8. Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as legally frivolous. *See* Gartell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Because Plaintiff clearly waited more than two years from the time his claims accrued to file suit, his Bivens claims against Rosenstein, Baird, Gibson, and Mizzell are untimely and will be DISMISSED WITH PREJUDICE as legally frivolous. *See* id.

8

## III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that the Bivens claims against Rod Rosenstein, Agent Kelly Baird, Agent Robert A. Gibson, and Agent Mizzell are **DISMISSED with prejudice**; it is further

**ORDERED** that FTCA claims against Rod Rosenstein, Agent Kelly Baird, Agent Robert A. Gibson, and Agent Mizzell are **DISMISSED without prejudice**; it is

**ORDERED** that Plaintiff's Motion for Return of Property under Rule 41(g), Docket Entry No. 7, is **DENIED without prejudice**, and this case will be **DISMISSED** in **thirty (30) days** of the date of this Order unless, within that time, Plaintiff submits an Amended Complaint asserting his claim under 28 U.S.C. § 1331 and naming the United States of America as the proper defendant.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 13TH day of June, 2020.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE